IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VANCE WHITE, # R-62757, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-00092-MJR |
| | ) |
| MARC HODGE | ) |
| and BETH TREADWAY, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Vance White, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff challenges Lawrence's policy prohibiting inmates who are identified as "vulnerable" from obtaining prison jobs. This group consists almost entirely of openly homosexual inmates. The complaint alleges that enforcement of the policy results in discrimination on the basis of sexual orientation. Plaintiff now challenges this policy under the Equal Protection Clause of the Fourteenth Amendment and sues Defendants Marc Hodge (Lawrence's warden) and Beth Treadway (Lawrence's assistant warden of programs) for enforcing the policy against him. He also claims that Defendants Hodge and Treadway unlawfully ignored his grievances challenging the policy. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

**The Complaint**

According to the complaint, Plaintiff is an openly gay inmate, who has been incarcerated at Lawrence since March 15, 2013 (Doc. 1, pp. 2-3). In 2007, he was classified as

1

"vulnerable," following an incident of unwanted sexual touching by a cellmate while Plaintiff slept (Doc. 1, p. 3).  Plaintiff now claims that Lawrence officials discriminated against him because of his sexual orientation and his "vulnerable" status by denying him a job in 2013.

On May 16, 2013, Plaintiff submitted a written request for a job to Counselor McDonald,[1] one of Lawrence's job counselors.  Plaintiff's request was denied because he did not satisfy the criteria for job placement.  Plaintiff submitted a second job request on May 17, 2013, this time asking for a list of the criteria for job placement (Doc. 1, pp. 3, 12).  When he received no response, Plaintiff asked Counselor McDonald for an explanation.  Counselor McDonald told Plaintiff that his request was pending but would likely be denied because "vulnerable" inmates cannot get jobs at Lawrence.  Plaintiff filed a grievance to challenge this policy (Doc. 1, p. 4).  He later learned on July 11, 2013, that his job request was formally denied because of his "vulnerable" status.  He filed a grievance appealing the decision the same day.

When Plaintiff did not receive a response to either grievance, he contacted Defendants Treadway and Hodge (Doc. 1, p. 5).  Defendant Treadway agreed to "look into" the policy prohibiting "vulnerable" inmates from working.  On October 21, 2013, Defendant Treadway responded to Plaintiff's grievance in writing, by stating that "unfortunately the criteria established doesn't [sic] allow for vulnerables" (Doc. 1, p. 5).  Plaintiff filed an emergency grievance with Defendant Hodge in November 2013, and it was denied (Doc. 1, p. 6).

Plaintiff now claims that the policy prohibiting "vulnerable" inmates from obtaining jobs at Lawrence is discriminatory.  This is because most inmates who are classified as "vulnerable" are openly gay.  Therefore, the policy prevents homosexuals from working to earn state pay.  Plaintiff asserts claims against Defendants Hodge and Treadway for denying his right

---

[1] Counselor McDonald is not named as a defendant in this action.

2

to equal protection of the law under the Fourteenth Amendment and for delaying his access to the courts by ignoring his related grievances (Doc. 1, p. 8).

**Merits Review Under § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

**Discussion**

**Count 1 – Equal Protection**

After carefully considering the allegations in the complaint, the Court concludes that Plaintiff has articulated a viable equal protection claim (**Count 1**) against Defendants Hodge

and Treadway. The complaint alleges that Lawrence's policy prohibiting job assignments to "vulnerables," a group consisting almost entirely of openly homosexual inmates, is discriminatory. In order to establish a prima facie case of discrimination under the equal protection clause, a plaintiff must show that he "is a member of a protected class," that he "is otherwise similarly situated to members of the unprotected class," and that he "was treated differently from members of the unprotected class." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 513 (7th Cir. 1993) (quoting *McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). As applied to prisoners, the equal protection clause "requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000) (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984); *Lee v. Washington*, 390 U.S. 333 (1968) (per curiam); *Williams v. Lane*, 851 F.2d 867, 881 (7th Cir. 1988)).

Whether heightened scrutiny applies to Plaintiff's particular claim is subject to debate, given the United States Supreme Court's recent decision in *United States v. Windsor*, --- U.S. ---, 133 S. Ct. 2675, 186 L. Ed. 2d 808 (2013). The Supreme Court in *Windsor* held that denying same-sex couples equal status under the law serves no constitutionally legitimate purpose. *Id.* at 2693-96. However, the Supreme Court did not definitively state which standard of review applies to discriminatory classifications based on sexual orientation. *Id*. at 2696. This decision sparked a number of cases across jurisdictions; several courts, including the Ninth Circuit, have since held that classifications based on sexual orientation are subject to heightened scrutiny. *See, e.g., SmithKline Beecham Corp. v. Abbott Labs.,* Case Nos. 11-17357, 11-17373, 2014 WL 211807, at *9 (9th Cir. Jan. 21, 2014) (finding that *Windsor* employed heightened scrutiny).

In the wake of *Windsor,* the Seventh Circuit has not yet revisited this issue. However, both houses of the Illinois General Assembly recently passed Public Act 98-597 (Senate Bill 10), which amends the Illinois Marriage and Dissolution of Marriage Act, 750 ILL. COMP. STAT. 5/212(a)(5), permitting same-sex couples to legally marry in Illinois. This bill was signed into law on November 20, 2013, and becomes effective on June 1, 2014, by operation of Article IV, Section 10, of the Illinois Constitution. *See Lee v. Orr*, 2013 WL 6490577, at *1 (N.D. Ill. Dec. 10, 2013).

Regardless of whether the applicable standard of review is rational basis or heightened scrutiny, the Court finds that the complaint articulates a viable equal protection claim against Defendants Hodge and Treadway at this stage. Accordingly, Plaintiff shall be allowed to proceed with Count 1 against both defendants.

**Count 2 – Due Process/Access to Courts**

However, the complaint states no claim against Defendants Hodge and Treadway for preventing Plaintiff from accessing the courts by delaying and/or ignoring his grievances. Plaintiff alleges that Defendants failed to provide timely responses to his grievances (Doc. 1, pp. 4-8). This delay allegedly "hindered [his] right to access the court system" and infringed on "one of the fundamental rights to all inmates, a method of redress." (Doc. 1, pp. 16-17).

As the Seventh Circuit has stated, "any right to a grievance procedure is a procedural right, not a substantive one." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (citations omitted). However, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. Rather, the procedural due process right exists to ensure that prisoners and detainees can access the courts. *Id*. Plaintiff's invocation of the judicial process demonstrates that Defendants have not infringed

5

on Plaintiff's First Amendment right to petition the government for a redress of his grievances. *Id.* (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)). Therefore, Count 2 shall be dismissed with prejudice.

**Request for Preliminary & Permanent Injunction**

In the complaint, Plaintiff seeks a preliminary and a permanent injunction prohibiting Lawrence officials from implementing its allegedly discriminatory job policy. The Court will save for another day the issue of whether to grant permanent injunctive relief.

In determining whether to grant a preliminary injunction, this Court must first consider whether the moving party has demonstrated: (1) some likelihood of success on the merits; (2) there is no adequate remedy at law; and (3) irreparable injury will occur without the relief sought. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012). If the moving party meets these requirements, the Court then balances the harm to the non-moving party if preliminary relief is granted against the harm to moving party if relief is denied. *Id*. Lastly, the Court considers the public interest involved in either granting or denying the motion. *Id*. The Seventh Circuit employs a sliding scale analysis weighing the harm to a party against the merits of the case. "The more likely it is that [the moving party] will win its case on the merits, the less the balance of harms need weigh in its favor." *Id*. (quoting *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.,* 549 F.3d 1079, 1100 (7th Cir. 2008)).

Based on the factors set forth above, the Court finds that it is not appropriate to issue a preliminary injunction at this time. Plaintiff has failed to demonstrate that the current policy is causing him to suffer irreparable injury. In addition, the complaint does not suggest

6

that there is any urgency in addressing this matter, outside of the normal timeframe for this legal action. Accordingly, Plaintiff's motion for a preliminary injunction is denied without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1,** the Clerk of Court shall prepare for Defendants **HODGE** and **TREADWAY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ALSO ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original

paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

8

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 28, 2014**

<u>**s/ MICHAEL J. REAGAN**</u>
**U.S. District Judge**